172 So. 678

## GODDARD v. EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES.
### 6 Div. 69.

Court of Appeals of Alabama.

Jan. 19, 1937.

Rehearing Denied Feb. 16, 1937.

Graham & Wingo, of Birmingham, for appellant.

Howze & Brown, of Birmingham, for appellee.

SAMFORD, Judge.

The cause was tried on an agreed statement of facts; the salient facts as therein set out may be stated to be as follows: The

policy sued on was issued by the defendant, insuring the life of Leila G. Graham in the sum of $1,000. The date of the policy was January 30, 1927, and on which premiums had been regularly paid, in accordance with the terms of the policy, up to but not including January 30, 1935. Prior to January 30, 1935, the assured had obtained a loan from the defendant, assigning the policy as collateral security. The amount due on this loan on January 30, 1935, was $97.20, and on that date was properly deducted from the cash surrender value of the policy, as fixed by the policy contract and the terms of the loan. On January 30, 1935, the premium then due was not paid as required by the contract, and for that reason, after the days of grace provided, the policy lapsed.

Under the terms of the policy as originally issued by the insurer and accepted by the insured, there remained to the insured three options, to wit: (a) To receive the cash surrender value of the policy, which, under the agreed statement of facts, after deducting the amount of the loan, was $124.51, plus a dividend January 1, 1935, amounting to $6.71; (b) to purchase nonparticipating paid-up life insurance, payable at the same time and under the same conditions as contained in the policy; (c) to continue the insurance for its face amount (and any outstanding dividend additions) as paid up extended term insurance for the period shown in the table set out in the policy, and which in the instant case would have extended the policy at its face value to January 19, 1938, but without further participation.

 These options were entirely at the election of the insured, during three months from the date of default in the payment of the premium above noted, and when so made became a closed binding contract on both parties dating from the due date of the premium which was in default. Erickson v. Equitable Life Assurance Society, 193 Minn. 269, 258 N.W. 736, 737; Lipman v. Equitable Life Assurance Society (C.C. A.) 58 F.(2d) 15.

Under the contract of insurance, a failure to pay a premium when due lapses the policy as originally written, leaving its ascertained value in options (a), (b), and (c), as noted, supra. Actuarily, these options were of equal value, subject to the selection of the insured, during the period of three months from the time of default in the payment of the premium, which con-

dition as to date of selection is clearly set forth in the policy contract. Failure on the part of insured to make the choice of options continues the policy under option (c), which, as we have seen, was actuarily speaking of equal value with options (a) and (b).

In the instant case the choice of options was made by the insured and when made became the contract of insurance. That subsequent events rendered the selection of advantage to the insurer cannot change the obligations of the parties to the contract.

There is no question of a waiver or want of consideration in this case. The whole transaction was embraced and carried out under the terms of the original contract, which is clear and unambiguous and leaves no room for construction other than as there plainly written.

The fault in appellant's contention lies in the fact that when insured was given three months from date of default in the payment of the premium due in which to make a choice of options set out in the policy, the value of the policy became fixed at the time of default and was actuarily the same, to wit, $221.71, plus dividends, $6.71, less loan of $97.20, which might have been withdrawn in cash or nonparticipating paid-up insurance for $174, or extended term insurance for $915 until January 19, 1938. Of these the insured had a right to choose and had three months to make up her mind. She did choose. Her choice became the contract.

The trial court did not commit error in any of its several rulings. The judgment is affirmed.

Affirmed.